Good, J.
This is an action of tort to recover for damage to a shipment of tomatoes in interstate commerce. There was a finding for the plaintiffs.
There was evidence tending to show that Sawyer & Co., Inc., commission merchants at Boston, were consignees of a carload of tomatoes shipped from one of the southern states to said Sawyer & Co. at Boston. This car arrived in Boston in the early morning of April 26, 1932. The plaintiffs purchased the car on said date from Sawyer & Co., and received a bill-of-sale for the same. Upon the bill-of-sale, Sawyer & Co. made a notation as follows: “Hereby release of claim for breakage only,” and on the same day Sawyer & Co. wrote a letter or order to the freight agent of the defendant as follows: “Please deliver to A. Scalia Company, 74 Commercial Street, Boston, car WFE-62388 containing tomatoes, we to pay all charges up to and including today.” The freight charges were later paid the defendant by Sawyer & Co. The defendant paid to the plaintiffs the actual damage found to be due to breakage.
*87 In July, 1932, .the plaintiff filed a claim with the defendant for alleged loss, claiming frost damage to the tomatoes.
It was brought out at the trial that what appears to have been the bill of lading, covering, this shipment of tomatoes, was handed to the plaintiffs by Sawyer & Co. eight or nine months after the tomatoes had been unloaded from the car. The document was not identified as the bill of lading covering the shipment for the damage to which this suit has been instituted. The document is a straight bill of lading with the American Fruit Growers, Inc., ‘Savannah, Ga., named as consignee.
The plaintiffs ’ rights to recover are founded upon the effect of the Carmack Amendment to the Interstate Commerce Act, 34 U. S. Statutes at large 595 §20 as amended by 38 U. S. Statutes at large 1197; 39 U. S. Statutes at large 539, which, in part, provides that a delivering common carrier shall be liable “to the lawful holder of a bill of lading' for loss, damage, or injury to the goods caused by it or any connecting carrier . . . ”
The document offered in this case purports to be a straight bill of lading. Provision is made, 39 U. S. Statutes at large 543, that the transferee of a straight bill, which is non-negotiable, acquires, as against the transferor, title to the goods named in the bill and the right to notify the carrier of the transfer of such bill and thereby by such notice “to become the direct obligee of whatever obligations the carrier owed to the transferor of the bill immediately before the notification. ’ ’ The evidence in the present ease is urged as sufficient to make the carrier directly responsible to the present plaintiff upon something less than the statute requires. There is no evidence of the notice which the statute demands. The law makes the carrier liable to its named promisee and when it enlarges the field to which the carrier may be made liable, it requires all the steps enumerated in *88 the law, one of which is notice by the lawful holder to the carrier before recovery is permitted.
It does not become necessary to decide whether the document offered and admitted in this case could be held to be the bill of lading for the goods involved in this case, because, assuming that it did, and we decided it was the bill covering the goods in this case, and that the plaintiff was the lawful holder thereof, the failure to give the notice as required by law is fatal. There is no evidence that the notice was ever given. L. E. Fosgate Co. v. Atlantic Coast Line Railroad, 263 Mass. 192. See same ease in Appellate Division Mun. Ct. vol. 23, Page 332. #27390 of 1925.
The defendant’s request, #1 that “the plaintiffs are not entitled to recover in this action” should have been granted. The order must be,
Judgment for the Defendant.